UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC WALLACE

    Petitioner,

v.                                    CASE NO. 8:13-cv-947-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Eric Wallace petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 6) and challenges the validity of his two state convictions for robbery with a weapon. Wallace alleges four grounds of ineffective assistance of trial counsel. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 11)

### **EXHAUSTION AND PROCEDURAL BAR**

Wallace presented to the state post-conviction court in a Rule 3.850 motion each of his grounds of ineffective assistance of trial counsel. (Respondent's Exhibit 15) The state post-conviction court denied each ground. (Respondent's Exhibit 16) Wallace did not appeal. The respondent argues that Wallace's failure to appeal the denial of his post-conviction motion results in a procedural default of his federal claims. Wallace in his reply (Doc. 13, p. 3) denies that he failed to

exhaust his available state remedies.  He argues "that due to unscheduled transfers and lack of meaningful access to a completely staffed law library, in conjunction with lost and delayed mail delivery, if there was a failure to exhaust, which [Wallace] denies,[1] it was not willful."  Citing Rule 15, Federal Rules of Civil Procedure, Wallace seeks leave to correct the "procedural defect" and to amend his federal petition "to correct an[y] deficiency dealing with the challenged failure to exhaust arguments advanced by the respondents."  (Doc. 13, p. 3)

Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1)(A), (C).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)).  To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim.

---

[1] Review of the state court docket confirms that Wallace filed no appeal of the denial of his Rule 3.850 motion. *See* online docket, case number 08-27387CFANO, Clerk of the Circuit Court, Pinellas County, Florida, at:  https://ccmspa.pinellascounty.org

*Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief.  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

Wallace's failure to appeal the denial of his Rule 3.850 motion deprived the state court of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845.  *See also Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)[2] ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial.) (citations omitted).  State procedural rules preclude both a second appeal of the denial of Wallace's original Rule 3.850 motion and a second or successive Rule 3.850 motion.  Fla. R. Crim. P. 3.850(b), (f), (h). Consequently, because Wallace cannot return to state court to exhaust the grounds presented in the federal petition, the exhaustion requirement remains unsatisfied and the grounds in the federal petition are procedurally defaulted.

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."  *Smith v. Jones*,

---

[2]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimension. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Wallace fails to demonstrate cause and prejudice excusing the default of his federal grounds. *Carpenter*, 529 U.S. at 451; *Carrier*, 477 U.S. at 494–96. He neither alleges nor shows that the fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892. Because Wallace fails to proffer specific facts showing an exception to procedural default, grounds one, two, three, and four of the federal petition are procedurally barred from federal review.

Accordingly, Wallace's petition for the writ of habeas corpus (Doc. 6) is **DENIED**. The clerk must enter a judgment against Wallace and close this action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Wallace is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Wallace must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or

the procedural issues, Wallace is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Wallace must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 12, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE