UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC WALLACE

    Applicant,

v.                                          CASE NO. 8:13-cv-947-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Eric Wallace moves (Doc. 26) for reconsideration of the earlier order (Doc. 24) denying his application for the writ of habeas corpus under 28 U.S.C. § 2254.[1] Both Rule 59(e) and Rule 60(b), Federal Rules of Civil Procedure, provide for relief from a judgment. Wallace argues entitlement to relief from the earlier order under Rule 59(e) "based on a need to correct clear error or manifest injustice." (Doc. 26, p. 2) Wallace also argues entitlement to relief from the earlier order under Rule 60(b) because of "'mistake, inadvertence, surprise, or excusable neglect,' and/or 'any other reason that justifies relief.'" (Doc. 26, p. 2) Wallace's motion warrants relief under neither Rule 59(e) nor Rule 60(b).

---

[1] The earlier order (Doc. 24, p. 5) concludes that all four of the grounds for relief in Wallace's federal application are procedurally barred.

Rule 59(e)

Rule 59(e) authorizes a motion to alter or amend a judgment after the judgment's entry. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993). "A [Rule 59(e)] motion for reconsideration may not be used 'to relitigate old matters or raise arguments or present evidence that could earlier have been raised.'" *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Wallace alleges in his Section 2254 application (Doc. 6) four grounds of ineffective assistance of trial counsel. Wallace presented each of the grounds to the state post-conviction court in a Rule 3.850 motion. The state post-conviction court denied each ground. Wallace did not appeal the denial of his Rule 3.850

motion.[2] Wallace's failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254 results in a procedural default of each ground. Because Wallace fails to demonstrate either cause and prejudice excusing the default of his federal grounds or application of the fundamental miscarriage of justice exception, each ground of the federal application is procedurally barred from federal review.

In his motion for reconsideration (Doc. 26, p. 5) Wallace repeats his argument that his inability to access legal materials satisfies the cause and prejudice exception to the procedural default doctrine:

> The State of Florida unexpectedly downsized the Department of Corrections and closed the New River Correctional Institution that [Wallace] was incarcerated [at] just days before his [Rule] 3.850 motion was denied. [Wallace]'s legal mail was lost and delayed during and after his transfer to Central Florida Reception Center. While [Wallace] remained in transit status, Central Florida Reception Center did not allow him access to the law library or his legal paperwork. Finally, when [Wallace] gained permanent status and access to the law library, he found it was very small and understaffed. Most importantly, the order denying his [Rule] 3.850 motion and the time [to] appeal expired.

Wallace neither presents newly-discovered evidence to support his Section 2254 application nor demonstrates a manifest error of law or fact resulting from the denial of the federal application on a procedural ground. Consequently, Wallace shows no entitlement to relief under Rule 59(e).

---

[2] In his reply (Doc. 13, p. 3) Wallace denies that he failed to exhaust his available state remedies. He argues "that due to unscheduled transfers and lack of meaningful access to a completely staffed law library, in conjunction with lost and delayed mail delivery, if there was a failure to exhaust, which [Wallace] denies, it was not willful."

Rule 60(b)

Alternatively, Wallace appears to seek relief under both Rule 60(b)(1) and (b)(6) which provide relief from a judgment for "(1) mistake, inadvertence, surprise, or excusable neglect, . . . or (6) any other reason justifying relief from the operation of the judgment." To show entitlement to relief under Rule 60(b), a movant "must demonstrate a justification for relief so compelling that the district court [is] required to grant [his] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996).

"Relief is available under Rule 60(b)(1) for mistakes of law or its application, *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982), but typically the district court is not required to grant relief unless the legal error is obvious." *Chambers v. Fla. Parole Comm'n*, 257 Fed. App'x 258, 259 (11th Cir. 2007) (citing *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)). Wallace urges only that "this court should reconsider the conclusion that [Wallace's Section 2254 application] was procedurally barred . . . for failure to file an appeal from the denial of his Rule 3.850 motion and find that the [application] should be decided on the merits." Wallace establishes no mistake of law or its application entitling him to relief under Rule 60(b)(1).

Rule 60(b)(6) requires a showing of "extraordinary circumstances" before relief is warranted. *Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005). The Supreme Court suggests that "such circumstances will rarely occur in the habeas context."

*Gonzalez v. Crosby*, 545 U.S. at 535. Wallace's allegation that the state institution "did not allow him access to the law library or his legal paperwork" — which Wallace alleges is "cause" to overcome the procedural default in his Section 2254 application — is not an "extraordinary circumstance" justifying relief under Rule 60(b)(6).[3]

Accordingly, Wallace's motion for reconsideration (Doc. 26) is **DENIED**.[4]

ORDERED in Tampa, Florida, on July 30, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Wallace alleges neither that he was unaware of the denial of his Rule 3.850 motion before the expiration of the two-year period in which he could have filed a petition for a belated appeal of the denial of his Rule 3.850 motion or that he filed a petition for a belated appeal that the state court rejected. *See* Fla. R. App. P. 9.141.

[4] **Certificate of Appealability**: A certificate of appealability is required before Wallace can appeal from this order. *Perez v. Sec'y, Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013). Wallace is denied a certificate of appealability because he has shown no substantial denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right.").